IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

HOWARD COHEN INDIVIDUALLY,
LORETTA COHEN INDIVIDUALLY,
AND HOWARD COHEN and
LORETTA COHEN ON BEHALF OF
THE LORETTA COHEN LIVING
TRUST

CASE NUMBER:

    Plaintiffs,

v.

HARTFORD INSURANCE
COMPANY OF THE MIDWEST

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

    **COMES NOW**, the Plaintiffs, Howard Cohen, Loretta Cohen and Howard Cohen and Loretta Cohen on Behalf of the Loretta Cohen Living Trust, by and through the undersigned attorney hereby files this complaint and sues Defendant, Hartford Insurance Company of the Midwest, and as grounds therefore states and alleges as follows:

    1.    This is an action for breach of contract with damages greater than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees and is otherwise within the jurisdictional limits of this Court.

    2.    Jurisdiction and venue of this matter are proper in Circuit Court for Palm Beach County, Florida.

    3.    At all times material hereto to the allegations contained herein, Plaintiffs, Howard Cohen, Loretta Cohen and Howard Cohen and Loretta Cohen on Behalf of the Loretta Cohen Living Trust (hereinafter "Plaintiffs"), were and are Florida residents.

4.	At all material times hereto, Defendant, Hartford Insurance Company of the Midwest, was a corporation duly licensed and authorized to transact insurance business in the State of Florida. Defendant conducts business, has offices, and/or maintained agents for the transaction of its customary business in Palm Beach County, Florida.

5.	Prior to September 11, 2017, the Plaintiffs sought and purchased homeowner's insurance from Defendant to cover their property located at 11726 Caracas Blvd, Boynton Beach, Florida 33437 (hereinafter "Plaintiffs' Insured Property"). Said policy of insurance, policy number 55RBB231395 (hereinafter "Plaintiffs' Policy"), was issued by Defendant to Insured to provide insurance coverage which included, but was not limited to, coverage afforded to protect Plaintiffs' Property against wind, rain, and debris strike damage caused by Hurricane Irma.

6.	Plaintiffs' Policy was in full force and effect as of September 11, 2017. A formal copy of the Plaintiffs' Policy is not in the possession of the Plaintiffs, but the Defendant has record of this policy which has been requested by the Plaintiffs in Plaintiffs' First Request for Production (which has been filed and served on the Defendant contemporaneously with this Complaint). See, *Pizzi v. Central Bank & Trust Co.,* 250 So 2d 895 (Fla. 1971); *Kest v. Nathanson*, 216 So 2d 233 (Fla. 4th DCA 1968); *Corbett v. Eastern Air Lines, Inc.*, 166 So 2d 196 (Fla 1st DCA 1964); *Stone v. Stone*, 97 So 2d 385 (Fla 3rd DCA 1957); *Premium Inc. v. Fire Ins. Co.*, 956 So. 2d 1257 (Fla. Dist. Ct. App. 2007).

7.	On or about September 11, 2017, Plaintiffs' Insured Property was damaged by wind, rain, and debris strikes as a result of Hurricane Irma.

8.	The damage to Plaintiffs' Property was a covered loss under the Plaintiffs' Policy.

9.	This is a complaint and action related to Defendant's breach of contract for failure to fully indemnify Plaintiffs from loss and tender the full amount of insurance benefits owed for

the reasonable and necessary repairs to the Insureds' Property in accordance with the insurance policy.

## **COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT**

10. Plaintiffs reallege and reincorporate paragraphs 1 through 9 above as if fully stated herein and further alleges as follows:

11. Plaintiffs are the named insured under Plaintiffs' Policy.

12. While the Plaintiffs' Policy was in full force and effect at all times materials to the allegations contained in this complaint, the Plaintiffs' Insured Property sustained a direct physical loss on September 11, 2017 caused by wind, rain, and debris strikes as a result of Hurricane Irma.

13. Plaintiffs have timely and promptly notified the Defendant of the direct physical loss caused by wind, rain, and debris strikes as a result of Hurricane Irma on September 11, 2017.

14. Upon notification of the direct physical loss caused by wind, rain, and debris strikes as a result of Hurricane Irma, the Defendant assigned claim number Y93DP65409 to the covered loss.

15. Plaintiffs have complied with all obligations, terms and conditions precedent to this lawsuit which would entitle Plaintiffs to recover under Plaintiffs' Policy, or any such obligations, terms or conditions have been waived by the Defendant through their actions.

16. Plaintiffs have complied with and remain fully prepared to comply with all of the Policy's obligations.

17. Despite Plaintiffs' compliance with the obligations, terms and conditions of Plaintiffs' Policy and demand for payment from the Defendant, the Defendant has failed and/or refused fully indemnify Plaintiffs from the direct physical loss to the Insured Property.

18. Defendant's refusal to reimburse Plaintiffs adequately for the damages sustained to the Insured Property, and otherwise make Plaintiffs whole, constitutes a breach of contract.

19. Plaintiffs have been damaged and continue to sustain damages as a direct result of Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

20. As a direct and proximate result of the Defendant's breach of contract, it has become reasonable and necessary that Plaintiffs retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes. Plaintiffs are obligated to pay a reasonable and necessary fee for the undersigned attorney's services in bringing this action, plus all reasonable and necessary costs associated with this action.

21. Plaintiffs are entitled to an award of attorney's fees and costs under Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes.

## **DEMAND FOR JURY TRIAL**

22. Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of right.

**WHEREFORE**, Plaintiffs, Howard Cohen, Loretta Cohen and Howard Cohen and Loretta Cohen on Behalf of the Loretta Cohen Living Trust, by and through the undersigned counsel, demand judgment against Defendant, Hartford Insurance Company of the Midwest, for all damages with interest, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiffs demand trial by jury.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a correct, true and full copy of the foregoing will be served on the Defendant, Hartford Insurance Company of the Midwest, along with the Summons in this action.

**KS LAW GROUP, PLLC**
947 Longdale Avenue
Longwood, Florida 32750
*s/Katherine A. Krepfle*
Katherine A. Krepfle, Esquire
Attorney for the Plaintiffs
Florida Bar Number: 1010532
Telephone: (407) 960-6965
Facsimile: (407) 960-6996
Primary: Eservice@KSLawGroup.net
Secondary: KKrepfle@KSLawGroup.net